IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRUCE MELTON, #B03493, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12−cv−748−MJR |
| | ) |
| MARY LOFTIN, WILLIAM G. MCDONALD, III, DAVID E. KARGES, ST. LOUIS UNIVERSITY HOSPITAL, RANDY GROUNDS, SUSAN KERR, WEXFORD HEALTH SOURCES, INC., HECTOR GARCIA, and SALVADOR GODINEZ, | ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, currently incarcerated at Vandalia Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants Mary Loftin, William G. McDonald, III, David E. Karges, St. Louis University Hospital, Randy Grounds, Susan Kerr, Wexford Health Sources, Inc., Hector Garcia, and Salvador Godinez were deliberately indifferent to Plaintiff's medical needs. More specifically, Plaintiff claims that while housed at Robinson Correctional Center, Plaintiff injured his ankle while playing basketball on June 12, 2011 and was sent to the healthcare unit. On June 13, 2011, he met with Dr. Loftin who he alleges delayed his treatment by not initially taking x-rays of his ankle and, instead, scheduling him to see another doctor. On June 16, 2011, Plaintiff met with Dr. McDonald and was given an MRI. He saw Dr. McDonald again on June 18, 2011, when he was informed that he suffered from a torn achilles tendon which required surgery. Plaintiff alleges

that McDonald delayed his treatment by not scheduling his surgery until June 21, 2011. On June 24, 2011, while recovering from surgery in the correctional center's health care unit, he reptured his tendon again by slipping on a watery floor in the bathroom. On June 28, 2011, Plaintiff was sent back to Dr. McDonald, but this time saw a Dr. Geline who performed another MRI and diagnosed Plaintiff with a re-ruptured achilles tendon. Dr. Geline referred him to a specialist. Also while in the health care unit at Robinson Correctional Center, Plaintiff contracted E-coli. He met with Dr. Loftin on July 4, 2011 for tests, but did not meet with her again until August 4, 2011, when he learned of his infection. On August 5, 2011, Plaintiff met with specialist Dr. Karges at the Anheuser-Busch Institute who informed him that he was not capable of performing surgery on Plaintiff's tendon and instead ordered Plaintiff to physical therapy for his ankle. Plaintiff maintains that he is still in pain from his injury. Plaintiff also maintains that Robinson Correction Center had a policy which required a request for surgery be sent to the Healthcare Administrator of the institution, Susan Kerr, who in turn would send the request to Wexford Health Services and a Dr. Hector Garci for final approval of an inmate's surgery. Plaintiff alleges that this policy caused him a delay in his medical treatment.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. On review, the Court shall identify cognizable claims or dismiss any portions of the complaint that are frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant with immunity. 28 U.S.C. §1915A. To state an Eighth Amendment deliberate indifference claim, a plaintiff must allege that he had an objectively serious medical need, and that a defendant was aware of that need but deliberately indifferent to it. *See King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012). Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal

cause of action against Defendants Mary Loftin and William G. McDonald for deliberate indifference to Plaintiff's medical needs by delaying his treatment.[1] *Grieveson v. Anderson*, 538 F.3d 763, 779 (7th Cir. 2008). Plaintiff has also articulated a colorable federal cause of action against Wexford Health Sources, Inc., for instituting a request policy which Plaintiff alleges caused the delay in his treatment. *See Woodward v. Corr. Med. Serv. of Ill., Inc.,* 368 F.3d 917, 927 (7th Cir. 2004).

However, as to Defendants St. Louis University Hospital, Randy Grounds, and Salvador Godinez, Plaintiff has failed to allege any claims against either of these Defendants. Plaintiff does not name any of these Defendants in the body of his complaint, nor does he allege any way in which they were deliberately indifferent to his medical needs. Thus, the Court **DISMISSES** St. Louis University Hospital, Randy Grounds, and Salvador Godinez. The Court also finds that Plaintiff has failed to allege claims against Dr. Hector Garcia and Susan Kerr. Although Plaintiff alleges that Wexford had a policy by which the correctional facility sought approval for inmate surgeries and that Garcia and Kerr were part of that chain in the approval process, he has not alleged that either Defendant was personally involved in his medical treatment, or lack thereof. *Grieveson v. Anderson*, 538 F.3d 763, 776 (7th Cir. 2008). Thus, Defendants Garcia and Kerr are **DISMISSED** as well. As to Dr. Kerges, Plaintiff has also failed to allege a claim of deliberate indifference. Plaintiff alleges that Dr. Kerges informed Plaintiff that he would not perform surgery on his ankle and instead recommended therapy. Plaintiff disagrees with Dr. Kerges' choice of treatment, but mere disagreement with a doctor's chosen

---

[1] Specifically, Plaintiff alleges that Loftin was deliberately indifferent in delaying his initial treatment of his ankle by not taking x-rays and only referring him to another doctor, and by delaying his treatment for E-coli by one month. Plaintiff also alleges that McDonald was deliberately indifferent by delaying his surgery for his ankle.

course of treatment is not enough. *Berry v. Peterman*, 604 F.3d 435, (7th Cir. 2010). Therefore, the Court also **DISMISS** Kerges.

The Court also notes that Plaintiff has divided his claim into three counts, including a count of gross negligence (Count 2) and negligent infliction of emotional distress (Count 3), in addition to his deliberate indifference claim. However, upon reviewing Plaintiff's proposed state law claims, Plaintiff provides no additional allegations for gross negligence and negligent infliction of emotional distress. Instead, his count labeled gross negligence merely adds additional claims of constitutional violations under the Eighth Amendment and his count labeled negligent infliction of emotional distress merely states that he seeks damages for psychological and emotional damages, but does not allege any allegations as to negligent infliction of emotional distress. Thus, the Court **CONSTRUES** Plaintiff's complaint as seeking only relief for deliberate indifference. To the extent that Plaintiff seeks to allege state law claims, the Court finds that Plaintiff has failed to state a claim and **DISMISSES** Counts 2 and 3. Only Plaintiff's claims for deliberate indifference (Count 1) remain.

## DISPOSITION

Accordingly, the Court **DISMISSES without prejudice** Plaintiff's claims against St. Louis University Hospital, Randy Grounds, and Salvador Godinez. The Court further **DISMISSES without prejudice** the claims against David E. Karges, Susan Kerr, and Hector Garcia. To extent Plaintiff seeks claims for gross negligence (Count 2) and intentional infliction of emotional distress (Count 3), those claims are **DISMISSED without prejudice** as well.

As to Defendants Loftin, McDonald, and Wexford Health Sources, Inc., the Clerk of Court shall prepare: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail

these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Stephen C. Williams for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), should all the parties consent to such a referral.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed in forma pauperis has been granted. See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

DATED: August 15, 2012

*/s/ Michael J. Reagan*
MICHAEL J. REAGAN
United States District Judge