IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BRUCE MELTON,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.   12-cv-748-MJR-SCW |
| ) | |
| **MARY LOFTIN, WILLIAM G.** ) | |
| **McDONALD, III, M.D., and WEXFORD** ) | |
| **HEALTH SOURCES, INC.,** ) | |
| ) | |
| Defendant. ) | |

### REPORT AND RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

#### I.   Introduction

This case is before the Court on Defendant William G. McDonald's Motion to Dismiss and Motion for Sanctions (Doc. 88).  The matter has been referred to United States Magistrate Judge Stephen C. Williams by United States District Judge Michael J. Reagan pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (c), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a).  It is **RECOMMENDED** that the District Court **ADOPT** the following findings of fact and conclusions of law, and **GRANT IN PART AND DENY IN PART** Defendant's motion to dismiss and motion for sanctions (Doc. 88).

#### II.   Findings of Fact

On June 25, 2012, Plaintiff filed his Complaint alleging that various Defendants, including Defendant McDonald, were deliberately indifference to Plaintiff's ankle injury (Doc. 1). Specifically, as to Defendant McDonald, Plaintiff alleges that he delayed surgery for his ankle (Doc. 17).  On November 27, 2012, the undersigned entered a Trial Practice Schedule (Doc. 40) which set forth various discovery deadlines as well as informed the parties of their discovery obligations.  The

Schedule also granted all Defendants leave to take the deposition of the Plaintiff or any other incarcerated witness (*Id.* at ¶ 6). Plaintiff, under the Schedule, was required to seek leave to take a deposition of any incarcerated witness due to the security and safety concerns present as an inmate plaintiff (*Id.*).

On October 10, 2013, Defendant McDonald filed the instate Motion to Dismiss and Motion for Sanctions. Defendant indicated that on August 23, 2013, Plaintiff's deposition was taken but that Plaintiff refused to answer any questions presented by McDonald's attorney (Doc. 88). Plaintiff indicated at the deposition that he would not answer questions from McDonald's attorney because the deposition notice had been provided by Dr. Loftin, and not Defendant McDonald (Doc. 88-1 Ex. A at pp. 5-7, 66). As such Plaintiff requested that McDonald personally notice a deposition of his own with Plaintiff and noted that he did not see anything in the Federal Rules which required Plaintiff to answer the attorney's questions (*Id*). Defendant McDonald sought the dismissal of Plaintiff's claims against him for willfully refusing to complete the deposition as Defendant argued that Plaintiff's actions amounted to a failure to prosecute. In the alternative, Defendant McDonald sought sanctions in the form of travel expenses and attorney's fees incurred by McDonald's attorney in retaking Plaintiff's deposition, pursuant to Federal Rule of Civil Procedure 30(d)(2).

In response to the motion, Plaintiff filed a Response (Doc. 89) in opposition to the motion. Plaintiff indicated that Defendant McDonald did not set up a prior deposition under Federal Rule of Civil Procedure 30(2)(B) and Plaintiff also believed that Defendant McDonald had to seek leave of Court in order to take Plaintiff's deposition. Plaintiff argues that because McDonald did not set up a "formal" deposition, Plaintiff did not have to answer the questions posed by McDonald's attorney.

At the request of the Court, Defendant McDonald filed a Bill of Fees and Costs (Doc.

91) setting forth the costs that would be incurred by counsel in order to conduct an additional deposition of Plaintiff due to Plaintiff's refusal to answer questions during the original deposition. Defendant also seeks the costs for preparing the instant motion to dismiss. In sum, Defendant McDonald seeks a total of $1,440.29 in attorney's fees and costs. Plaintiff has filed a motion disputing the bill of costs (Doc. 94).

### III. Conclusions of Law

Defendant McDonald seeks the dismissal of Plaintiff's claims against him or, in the alternative, sanctions from Plaintiff for Plaintiff's failure to prosecute his case by refusing to participate in the deposition.

**FEDERAL RULE OF CIVIL PROCEDURE 41(b)** provides for the involuntary dismiss of a Plaintiff's claims if he fails to prosecute his case. The Rule provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." **FED.R.CIV.P. 41(b).** Further, Rule 30(d) allows the Court to sanction a person "who impedes, delays, or frustrates the fair examination of the deponent." **FED.R.CIV.P. 30(d)(2).** Such sanctions may include the "reasonable expenses and attorney's fees incurred by any party" due to a party's action of frustrating the deposition. *Id.*

Here, Plaintiff argues that he did not have to answer questions posed by Defendant McDonald's attorney during the deposition because McDonald failed to seek leave of Court in order to take Plaintiff's deposition and failed to provide a separate notice to Plaintiff regarding the deposition. However, Plaintiff is incorrect on his interpretation of the Federal Rules and the Court's Trial Practice Schedule. The Court's Schedule provided that *defendants* may take the deposition of the plaintiff or other incarcerated witnesses *without* leave of court. Only the plaintiff has to seek leave of court in order to take the deposition of an incarcerated witness due to prison security concerns.

Thus, Defendant McDonald did not have to seek leave of this court in order to depose Plaintiff. Further, the Federal Rules do not require that every party provide a notice. Although not entirely spelled out in the Rules, Rule 30(b) provides that "[a] party who wants to depose a person…must give reasonable written notice to every other party." Under the Rule, every party has notice of the deposition and can ask questions during the deposition if they so choose. Thus, there is nothing in the Rules that would require McDonald to serve a separate notice on Plaintiff in order to participate in the scheduled deposition. Plaintiff, accordingly, improperly refused to answer the questions of McDonald's attorney.

While Plaintiff was incorrect in refusing to answer questions at the deposition, the undersigned does not believe dismissal in this case is warranted. Plaintiff does indicate in his response that he was acting "under [an] assumption" based on his interpretation of the rules and the Court's order, and that he might have been misconstruing the rules regarding depositions. Although the undersigned does not recommend dismissal of Plaintiff's claims, the undersigned does **RECOMMEND** that Plaintiff be sanctioned as his actions impeded and delayed his deposition. Due to Plaintiff's failure to answer the attorney's questions, McDonald's counsel will have to take Plaintiff's deposition again, incurring additional costs and travel expenses. Thus, the undersigned **FINDS** that sanctions are warranted under Rule 30(d)(2) to cover the costs incurred by counsel due to Plaintiff's failure to participate in the original deposition. McDonald's counsel has filed a Bill of Costs (Doc. 91) indicating the total costs and fees incurred. Specifically, the Bill of Costs indicates that counsel will incur an additional travel expense of $150.29, as well as the costs of attending and traveling to the deposition, $322.50 and $860.00, respectively. Counsel also indicates that his expenses of preparing the motion to dismiss were $107.50, for a total fees and costs of $1,440.29. Thus, the undersigned **RECOMMENDS** that the Court **GRANT** Defendant's request for sanctions

and **SANCTION** Plaintiff in the amount of **$1,440.29**. It is **RECOMMENDED** that Plaintiff be given **THIRTY (30) DAYS** in which to pay the sanction. Should Plaintiff fail to pay to sanction in the required time period, it is **RECOMMENDED** that Plaintiff's case be dismissed for failure to prosecute. Plaintiff's Motion to Dispute Bill of Costs (Doc. 94) should be **DENIED**.

### IV.    Conclusion

Accordingly, the undersigned **RECOMMENDS** that the Court **GRANT IN PART AND DENY IN PART** Defendant McDonald's Motion to Dismiss and Motion for Sanctions (Doc. 88) and **DENY** Plaintiff's Motion to Dispute Bill of Costs (Doc. 94). Specifically, it is **RECOMMNEDED** that the Court **FIND** that Plaintiff improperly failed to participate in his scheduled deposition and **SANCTIONED** for his actions. It is **RECOMMENDED** that Plaintiff be **SANCTIONED** in the amount of **$1,440.29** for his impediment of his deposition. Failure to pay the sanction in a timely manner should result in a dismissal of Plaintiff's claims against McDonald. Should Plaintiff pay the sanction, Defendant will be allowed to redepose Plaintiff.

Pursuant to **28 U.S.C. § 636(b)(1)** and **Local Rule 73.1(b),** the parties may object to any or all of the proposed dispositive findings in this Recommendation. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *See, e.g., Snyder v. Nolen*, **380 F.3d 279, 284 (7th Cir. 2004).** Accordingly, Objections to this Report and Recommendation must be filed on or before **December 5, 2013**.

**IT IS SO ORDERED**.
DATED: November 15, 2013.

*/s/ Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge