IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BRUCE MELTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 12–cv–0748–MJR–SCW |
| | ) | |
| MARY LOFTIN, | ) | |
| WILLIAM G. MCDONALD III, and | ) | |
| WEXFORD HEALTH SOURCES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM & ORDER

**REAGAN, District Judge:**

Now before the Court is a Report and Recommendation ("R&R") submitted by Magistrate Judge Stephen C. Williams, who recommends granting in part (and denying in part) Defendant William G. McDonald's motion to dismiss (or alternatively, motion for discovery sanctions). For the reasons explained below, the undersigned district judge fully adopts Judge Williams' R&R, and sanctions Plaintiff Bruce Melton in the amount of $1,440.29.

### BACKGROUND

In June 2012, and pursuant to 42 U.S.C. § 1983, *pro se* Plaintiff—then an Illinois prisoner—sued myriad Illinois Department of Corrections ("IDOC") officials and private health providers. Several Defendants were dismissed on threshold review (*see* Doc. 17), and Plaintiff's case was allowed to proceed against three

Defendants, including Defendant McDonald, against whom Plaintiff brought claims of deliberate indifference.

One of McDonald's co-Defendants noticed a deposition for August 23, 2013 at Shawnee Correctional Center.  (Doc. 88-1, 3–5).  At the deposition (for which McDonald's counsel drove approximately 2.5 hours), Plaintiff flatly refused to answer any questions posed by McDonald's counsel, since (according to Plaintiff) McDonald was not the party who had noticed the deposition.  (*Id*.).  McDonald moved to dismiss the case for failure to prosecute, or alternatively to sanction Plaintiff for the cost of a second deposition.

After the motion ripened, Magistrate Judge Stephen C. Williams submitted an R&R (Doc. 97) in which he did not find dismissal warranted, but did recommend monetary sanctions totaling $1,440.29,[1] else the case against McDonald be dismissed.  Plaintiff (though he offered no new or illuminating argument) filed a timely objection to the R&R, so pursuant to 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b)(3) the undersigned must review *de novo* the portions of Judge Williams' R&R targeted by Plaintiff.

## ANALYSIS

Plaintiff's objection is twofold: he (1) disagrees with Judge Williams' interpretation of Rule 30(b) (and the idea that any party can ask a question at a properly noticed deposition), and (2) posits that McDonald's counsel (who gave some

---

[1] Plaintiff has no objection to the amount of the sanction; he simply asserts it should not be levied at all.

questions to his co-Defendant's counsel) got his questions answered despite Plaintiff's obstinance, and so sanctions are not warranted.

With some exceptions not germane here, a party "must obtain leave of the court" in order to depose a witness.  It is uncontested that Defendants, via the Trial Practice Scheduled entered on November 27, 2012, were given that leave.  Federal Rule 30(d) permits an "appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." **Fed. R. Civ. P. 30(d).**  Rule 30(b) provides that a "party who wants to depose a person … must give reasonable written notice to every other party." **Fed. R. Civ. P. 30(b).**

Plaintiff's first argument is premised on the notion that he only needed to answer questions posed by the party that noticed the deposition (i.e., not Defendant McDonald).  The argument is meritless.  Rule 30(b) speaks only to which parties must be notified of the deposition, not the scope of which parties can ask questions. Indeed, the scope of deposition testimony is guided by Rule 30(c), which provides (with exceptions irrelevant here) that "[t]he examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence…" **Fed. R. Civ. P. 30(c)(1).**  It is ludicrous to suppose Plaintiff would not be subject to cross-examination by each party during trial, yet that is the supposition upon which Plaintiff bases his objection.  His objection is accordingly overruled.

As to Plaintiff's second objection—that McDonald's counsel had some questions answered vicariously through co-Defendant's counsel, and so sanctions

should not issue—Plaintiff misses the point.   Regardless of whether some of McDonald's questions were answered, his counsel represents that another deposition is needed to properly defend the case.  The monetary sanctions assessed here represent the cost of the *next* deposition.  If Plaintiff pays the sanctions, he will be deposed again and the case will proceed.  If Plaintiff fails to pay the sanctions, the undersigned will dismiss this case via Federal Rule of Civil Procedure 41.

CONCLUSION

Plaintiff's Objection to Judge Williams' R&R (Doc. 99) is accordingly overruled, and the R&R (**Doc. 97**) is **ADOPTED in FULL**.  McDonald's Motion to Dismiss / Motion for Sanctions (**Doc. 88**) is **GRANTED IN PART and DENIED IN PART**.   Pursuant to Federal Rule of Civil Procedure 30(d), Plaintiff is hereby sanctioned in the amount of $1,440.29.  If he does not pay the required amount within 30 days of the date of this Memorandum & Order, his case against Defendant McDonald **will be dismissed for failure to prosecute**.

**IT IS SO ORDERED.**
**DATE: May 1, 2014**                              s/ *Michael J. Reagan*
                                                  **MICHAEL J. REAGAN**
                                                  United States District Judge